

## NUMBERS
## 13-09-00206-CR
## 13-09-00207-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JAIME PEREZ,                                                    Appellant,

v.

THE STATE OF TEXAS,                                            Appellee.

### On appeal from the 94th District Court of
### Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Garza
### Memorandum Opinion by Justice Yañez

On May 7, 2007, in appellate cause number 13-09-00207-CR,[1] appellant, Jaime

---

[1] The trial court cause number was 07-CR-0794-C.

Perez, pleaded guilty to burglary of a habitation, a second-degree felony.[2] The trial court imposed a sentence of ten years' confinement, suspended the sentence, and placed appellant on community supervision for a period of ten years.[3]

On the same date, in appellate cause number 13-09-00206-CR,[4] appellant pleaded guilty to third-degree felony theft.[5] The trial court imposed a sentence of ten years' confinement and a $500 fine, suspended the sentence, and placed appellant on community supervision for ten years, with the sentence to run concurrently with the sentence in appellate cause number 13-09-00207-CR.

The State filed a motion to revoke appellant's community supervision in both causes, alleging multiple violations of the terms of community supervision. Appellant pleaded "true" to several of the allegations. On March 27, 2009, the trial court revoked appellant's community supervision in both causes and sentenced appellant to ten years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice in each cause, with the sentences to run concurrently. The trial court certified appellant's right to appeal in each cause, and these appeals followed. We affirm in each case.

## I. ANDERS BRIEF

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), appellant's court-appointed appellate counsel has filed a brief with this Court, stating that her review of the record yielded no grounds or error upon which an appeal can be predicated. Although

---

[2] *See* TEX. PENAL CODE ANN. § 12.33 (Vernon Supp. 2009); § 30.02 (Vernon 2003).

[3] *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3 (Vernon Supp. 2009).

[4] The trial court cause number was 06-CR-1701-C.

[5] *See* TEX. PENAL CODE ANN. § 31.03 (Vernon Supp. 2009).

counsel's brief does not advance any arguable grounds of error, it does present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal.[6]

In compliance with *High v. State*,[7] appellant's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment. Counsel has informed this Court that she has: (1) examined the record and found no arguable grounds to advance on appeal, (2) served a copy of the brief and counsel's motion to withdraw on appellant, and (3) informed appellant of his right to review the record and to file a pro se response.[8] More than an adequate period of time has passed, and appellant has not filed a pro se response.[9]

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous.[10] We have reviewed the entire record and counsel's brief and have found nothing that would arguably support an

---

[6] *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343-44 (Tex. App.–Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

[7] *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978).

[8] *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d at 409 n.23 (quoting *Wilson v. State*, 955 S.W.2d 693, 696-97 (Tex. App.–Waco 1997, no pet.)).

[9] *See id.*

[10] *Penson v. Ohio*, 488 U.S. 75, 80 (1988).

3

appeal.[11]  Accordingly, we affirm the judgments of the trial court in each case.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant.[12]  We grant counsel's motions to withdraw.

Within five days of the date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to appellant and to advise appellant of his right to file a petition for discretionary review.[13]

LINDA REYNA YAÑEZ,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).
Delivered and filed the
19th day of August, 2010.

---

[11] *See Bledsoe v. State*, 178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509.

[12] *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779-80 (Tex. App.–Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).

[13] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).  No substitute counsel will be appointed.  Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review.  Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court.  *See* TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals.  *See* TEX. R. APP. P. 68.3; 68.7.  Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 68.4.